UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMONDO HERNANDEZ,<br><br>   Petitioner,<br><br> v.<br><br>CLARK DUCART,<br><br>   Respondent. | No. 2:16-CV-2527 TLN GGH<br><br><br>ORDER & FINDINGS AND<br>RECOMMENDATIONS (ADDENDUM) |

On December 27, 2018, the undersigned issued Findings and Recommendations adjudicating an issue of sufficiency of the evidence with respect to petitioner's conviction in Counts 7 and 11—assault with force likely to produce great bodily injury, Cal. Penal Code section 245. ECF No. 21. On the same day, the California Supreme Court issued a ruling concerning the phrase: "force likely to produce great bodily injury." In re B.M., No. S242153, 2018 WL 6802197 (Cal. Dec. 27, 2018). Accordingly, the undersigned will discuss the effect of this case, if any, on the December 27, 2018 Findings and Recommendations issued, and will provide the parties an opportunity to file objections to the December 27, 2018 Findings and Objections and this Findings and Recommendations Addendum. The undersigned finds no need to withdraw the December 27, 2018 Findings and Recommendations and will accept further

briefing on the In re B.M. case as the ability to object/brief is preserved, and the district court applies *de novo* review.

In re B.M., the court reversed a holding of the California Court of Appeal's with respect to a deadly weapon being used with force likely to produce great bodily injury. 2018 WL 6802197. Noting that the analysis of that force was functionally identical to the analysis used for a violation of Section 245's "force likely to produce great bodily injury," Id. at *4, the California Supreme Court held that the phrase meant something more than "capable of" causing great bodily injury. Id. The phrase meant more than a "mere possibility." Id. The court also discounted the argument that force which would "increase in likelihood" of great bodily injury was the touchstone definition because it mattered where one started off on the spectrum of force utilized, i.e., a force which might not be possible to cause great bodily injury elevated to a force unlikely to produce great bodily injury was a force whose likelihood of causing the injury had increased, but was still far short of "likely to produce great bodily injury." Id. Although the clear inference from the majority's opinion was that "likely" meant something akin to "more probable than not," as the concurrence noted, the Supreme Court did not expressly define "likely" as a preponderance standard. Id. at *7-8.

In the case at bar, the jury was not instructed as to any definition of "force likely to produce great bodily injury"—the jury was simply instructed that it had to find-- force likely to cause great bodily in order to convict petitioner. That is, the jury was left to its own common sense definition of that phrase. No party to this case objected to the lack of a precise definition of "likely" or the entire phrase itself. The term "great bodily injury" was defined, and no one in petitioner's case took issue with that definition.[1]

---

[1] Perhaps no definition of "likely" in the instructions redounds to defendant's benefit as many jurors would know the common meaning of likely is "better than an even chance," or "more probable than not." Take, for example, a weather forecast providing that rain was likely. Most persons, it seems to the undersigned, would interpret that as meaning the chances for rain were greater than the chances of no rain, i.e., more probable than not, and some jurors might even require a greater degree of foreseeability. Very few jurors would define "likely" as less than an even chance.

In discussing the legal background of Section 245 in the sufficiency of evidence context, petitioner's Court of Appeal held:

> "[W]hether the force used by the defendant was likely to produce great bodily injury is a question for the trier of fact to decide." (*People v. Sargent* (1999) 19 Cal.4th 1206, 1221.) Because the statute focuses on "force likely to produce great bodily injury" (§ 245, former subd. (a)(1)), the statute can be violated even if the victim suffers no harm at all. (*Aguilar, supra*, 16 Cal.4th at p. 1028; *People v. Wingo* (1975) 14 Cal.3d 169, 176.) "While it is true that 'when the evidence shows that a blow has been struck or a physical injury actually inflicted, the nature and extent of the injury is a relevant and often controlling factor in determining whether the force used was of a felonious character' [citations], an injury is not an element of the crime, and the extent of any injury is not determinative. 'The crime ... like other assaults, may be committed without infliction of any physical injury, and even though no blow is actually struck. [Citation.] The issue, therefore, is not whether serious injury was caused, but whether the force used was such as would be likely to cause it.' [Citations.]" (*People v. Covino* (1980) 100 Cal.App.3d 660, 667.) "The statute prohibits an assault by any means of force likely to produce great bodily injury, not the use of force which does in fact produce such injury. While ... the results of an assault are often highly probative of the amount of force used, they cannot be conclusive." (*People v. Muir* (1966) 244 Cal.App.2d 598, 604, italics omitted; *People v. Armstrong* (1992) 8 Cal.App.4th 1060, 1065–1066.) "[T]he question of whether or not the force used was such as to have been likely to produce great bodily injury, is one of fact for the determination of the jury based on all the evidence, including but not limited to injury inflicted." (*People v. Muir, supra*, at p. 604; in accord, see also *People v. Armstrong, supra*, at p. 1066, and *People v. Sargent, supra*, at p. 1221.) "Great bodily injury is bodily injury which is significant or substantial, not insignificant, trivial or moderate." (*People v. Covino, supra*, p. 668; *People v. Armstrong, supra*, at p. 1066.)

People v. Hernandez, 2016 WL 879233, at *15 (Cal. Ct. App. Mar. 8, 2016), reh'g denied (Apr. 5, 2016), review denied (June 15, 2016).

Certainly, the Hernandez court did not define "likely" as simply "capable of" or "possible." The worst that can be said is that no definition of "likely to produce great bodily injury" was given, but as set forth above, no party had complained about a lack of definition. Perhaps it was to petitioner's benefit that no definition was given as the In re B.M. court seemed reluctant to expressly declare that "likely" required a preponderance assessment. See also fn. 1. And, the undersigned is unaware of state law that requires the phrase in its entirety, or the word "likely" itself, to be defined in the jury instructions. Moreover, In re B.M. specifically held that

the analysis of finding force used likely to produce great bodily injury did *not* entail assessing "the benefit [to defendant] of a potential victim fortuitously taking a defensive measure or being removed from harm's way once an assault is already underway." 2018 WL 6802197, at *14. The Court of Appeal in petitioner's case correctly did not assess the defensive measures taken by the assault victims when the assault was already underway.

Thus, looking through the AEDPA prism, the undersigned finds once more that the Court of Appeal in petitioner's case was not unreasonable in deciding, adversely to petitioner, the issue of sufficiency of the evidence pertinent to assault likely to produce great bodily injury, as that term is defined in state law.

Accordingly, the Findings and Recommendations issued on December 27, 2018 remain the same;

IT IS HEREBY ORDERED that:

1. The parties are given an additional five days from the twenty-one days provided in the December 27, 2018 Findings and Recommendations to file objections;
2. The Clerk of the Court is directed to send a courtesy copy of the <u>In re B.M</u> opinion referenced in this order to petitioner.

Dated: December 29, 2018

<u>/s/ Gregory G. Hollows</u>
UNITED STATES MAGISTRATE JUDGE